## Case No. 17,730.

WILLIAMS et al. v. MORA et al.

[2 Wkly. Law Gaz. 299; 40 Hunt, Mer. Mag. 198.]

Circuit Court, S. D. New York.  Oct. 6, 1858.

SHIPPING—DAMAGE TO CARGO—STOWAGE—BILL OF LADING.

[1. Whether stowage of goods under a poop deck is a stowage under deck, within the meaning of a bill of lading, is not dependent upon whether or not the poop deck was built when the ship was originally constructed. but upon whether it afforded sufficient protection to the goods.]

[2. Stowage of hogsheads of sugar upon their heads .is sanctioned by usage.]

[Appeal from the district court of the United States for the Southern district of New York.

[This was a libel for freight by Howell L. Williams and others against Jose A. Mora and others.]

NELSON, Circuit Justice.  The libel was filed in this case to recover freight upon a cargo of sugar and molasses, shipped from Cardenas, Cuba, to the port of New York. The payment had been refused on the ground of damage to the cargo, claiming an abatement of the freight on account of the same. It was insisted that the damage was occasioned by shipping the goods on deck, when, according to the bill of lading, they should have been shipped under deck; also, that the cargo was badly stowed and damaged. Whether the goods were shipped on or under deck depended upon the question whether or not the poop deck upon the vessel, under which a portion of the cargo was stored. afforded a compliance with the bill of lading. The bark Abeona was originally a single-decked vessel. Subsequently a poop deck was built across her from near the after hatch back, a length of some forty feet; and as it respects the stowage, the principal objection was that some of the hogsheads of sugar and concentrated molasses were stowed upon their heads.

We have looked carefully into the evidence in the case, which is very contradictory and conflicting upon the questions as to the condition and sufficiency of the poop deck, and have arrived at the conclusion that the fair

weight of it supports the position of the libelants that the stowing of the goods under it satisfied the bill of lading requiring them to be shipped under deck. The question is not whether this deck was built when the ship was originally constructed, but whether it afforded security and protection to the goods within the meaning of the bill of lading, as under deck; and, upon the evidence, we are bound to say it did. The conflict of testimony in the case shows a very unsettled and unreliable state of opinion among the most intelligent persons engaged in the shipping business of this port, upon a question with which they ought to have been familiar. The endurance of this deck, in the several voyages the bark has performed since it was built, strengthens very much the testimony of the witnesses who have maintained its sufficiency to protect the cargo, the same as under deck. In respect to the stowage of the hogsheads on the head, the evidence is full in support of the usage.

We concur with the court below, that the damage to the cargo was occasioned by a peril of the sea, within the exceptions of the bill of lading, and the libelants are entitled to their whole freight. Decree affirmed.